RECORD NO. 13-4563

# IN THE

# United States Court of Appeals

## FOR THE FOURTH CIRCUIT

---

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

v.

AVERY MULDROW,

*Defendant-Appellant.*

---

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
AT WILMINGTON

---

**OPENING BRIEF OF APPELLANT
AVERY MULDROW**

---

Renorda E. Pryor
HERRING LAW CENTER
16 W. Martin Street, Suite 601
Raleigh, North Carolina 27601
(919) 665-6737 Telephone
renordapryor@herringlawcenter.net

*Counsel for Appellant*                    December 23, 2013

## <u>TABLE OF CONTENTS</u>

Page

TABLE OF AUTHORITIES..........................................ii

STATEMENT OF SUBJECT MATTER AND APPELLATE JURISDICTION..........1

STATEMENT OF THE ISSUES........................................1

STATEMENT OF THE CASE..........................................2

STATEMENT OF THE FACTS.........................................3

SUMMARY OF THE ARGUMENT........................................5

I.   THE DISTRICT COURT ERRED IN ENHANCING MULDROW'S SENTENCE
     FOR POSSESSION OF A WEAPON UNDER § 2D1.1...................6

     STANDARD OF REVIEW........................................6

     DISCUSSION OF THE ISSUE...................................6

II.  THE DISTRICT COURT ERRED IN FAILING TO PROVIDE REASONABLE
     NOTICE BEFORE IMPOSING AN ABOVE-GUIDELINES SENTENCE UNDER
     BOOKER...................................................12

     STANDARD OF REVIEW.......................................12

     DISCUSSION OF THE ISSUE..................................12

CONCLUSION....................................................21

CERTIFICATE OF COMPLIANCE.....................................22

CERTIFICATE OF SERVICE........................................23

i

Cases

Burns v. United States,
    501 U.S. 129, 111 S. Ct. 2182, 115 L. Ed.
    2d 123 (1991) ..................................13, 14, 15

Gall v. United States,
    552 U.S. 38, 128 S. Ct. 586, 169 L. Ed. 2d 445 (2007)18, 19

Irizarry v. United States,
    553 U.S. 708, 128 S. Ct. 2198, 171 L. Ed. 2d 28 (2008)14, 15

Maggio v. Zeitz,
    333 U.S. 56, 68 S. Ct. 401, 92 L. Ed. 476 (1948) ........8

United States v. Apple,
    915 F.2d 899 (4th Cir. 1990) .............................6

United States v. Bellamy,
    264 F.3d 448 (4th Cir. 2001) ............................15

United States v. Booker,
    543 U.S. 220, 125 S. Ct. 738, 160 L. Ed. 2d 621 (2005)12, 13

United States v. Bothun,
    424 F.3d 582 (7th Cir. 2005) ............................11

United States v. Davenport,
    445 F.3d 366(4th Cir. 2006) .............................15

United States v. Harris,
    128 F.3d 850 (4th Cir. 1997) .........................8, 18

United States v. Hawk Wing,
    433 F.3d 622(8th Cir. 2006) .............................16

United States v. Holmes,
    81 F. App'x 467 (4th Cir. 2003) .........................6

United States v. Hunter,
    19 F.3d 895 (4th Cir. 1994) .............................9

United States v. Manigan,
    592 F.3d 621 (4th Cir. 2010) ..............6, 7, 8, 10, 11

United States v. Matos,
    328 F.3d 34 (1st Cir. 2003) ............................16

ii

United States v. McAllister,
    272 F.3d 228 (4th Cir. 2001) .............................7

United States v. Moreland,
    437 F.3d 424 (4th Cir. 2006) ........................13, 14

United States v. Munoz-Nava,
    524 F.3d 1137 (10th Cir. 2008) ..........................19

United States v. Smart,
    518 F.3d 800 (10th Cir. 2008) ..........................19

United States v. Smith,
    133 F. App'x 731 (11th Cir. 2005) .......................12

United States v. Smith,
    445 F.3d 1 (1st Cir. 2006) .............................19

United States v. U.S. Gypsum Co.,
    333 U.S. 364, 68 S. Ct. 525 , 92 L. Ed. 746 (1948) .......7

United States v. Verdin-Garcia,
    516 F.3d 884 (10th Cir. 2008) ..........................19

United States v. Whorley,
    550 F.3d 326 (4th Cir. 2008) ............................8

United States v. Williams,
    436 F.3d 706 (6th Cir. 2006) ...........................12

Statutes

18 U.S.C.A. § 3553(a) (West) .......................12, 13, 19

18 U.S.C.A. § 3553(a)(2) .................................18

18 U.S.C.A. § 3553(c) ....................................14

18 U.S.C.A. § 3742(e) (West) ..............................6

Rules

Fed. R. Crim. P. 32 .....................................13

Fed. R. Crim. P. 32(a)(1) ................................14

Fed. R. Crim. P. 32(h) ..................................13

iii

U.S.S.G. § 2D1.1 .......................................6, 7

U.S.S.G. § 2D1.1(b)(1) ....................................7

**STATEMENT OF SUBJECT MATTER AND APPELLATE JURISDICTION**

Avery Muldrow was indicted in the Eastern District of North Carolina on January 8, 2013 in a four count Indictment. J.A. 7. The Appellant Muldrow plead guilty to all charges against him without a plea agreement on March 21, 2013 in Raleigh North Carolina before the Honorable United States District Court Judge Terrence W. Boyle. J.A. 4.  The appellant was sentenced on July 22, 2013. J.A. 5

Mr. Muldrow filed a Notice of Appeal following Appellant's sentence on August 8, 2013. J.A. 5.  The United States District Court for the Eastern District of North Carolina has subject matter jurisdiction over this Appellant pursuant to 18 U.S.C. Section 3231.  This Court has jurisdiction of this appeal from a final judgment under 18 U.S.C. Section 3742(a) and 28 U.S.C. Section 1291.

**STATEMENT OF THE ISSUES**

I.   THE DISTRICT COURT ERRED IN ENHANCING MULDROW'S SENTENCE FOR POSSESSION OF A WEAPON UNDER § 2D1.1.

II.  THE DISTRICT COURT ERRED IN FAILING TO PROVIDE REASONABLE NOTICE BEFORE IMPOSING AN ABOVE-GUIDELINES SENTENCE UNDER *BOOKER*

**STATEMENT OF THE CASE**

Avery Muldrow was indicted in the Eastern District of North Carolina on January 8, 2013 in a four count Indictment. J.A. 7. The Appellant was charged in Counts One, Two, Three and Four with knowingly and intentionally distributing a quantity of heroin, a Schedule I controlled substance, in violation of Title 21, United States Code, Section 841(a)(1). J.A. 7. The Appellant Muldrow plead guilty to all charges against him without a plea agreement on March 21, 2013 in Raleigh North Carolina before the Honorable United States District Court Judge Terrence W. Boyle. J.A. 4. The appellant was sentenced on July 22, 2013 after a hearing on a two level increase for a dangerous weapon. J.A. 5, 16-29. Mr. Muldrow was sentenced to one hundred two months for Counts One, Two, Three and Four of the Indictment to run concurrent, a term of life for supervised release for Counts One, Two, Three and Four and a special assessment of Four Hundred and no/100 ($400.00) Dollars. J.A. 5, 35, 37-42. Such final judgment settled all issues and claims set forth in this matter. This judgment was electronically sent to the Government and Appellant's counsel on July 22, 2013. J.A. 5. Mr. Muldrow filed a timely Notice of Appeal on August 8, 2013 through a letter from Mr. Muldrow. J.A. 5.

**STATEMENT OF THE FACTS**

On September 5, 2012, investigators with the Wilmington North Carolina Police Department (WPD), Narcotics Enforcement Unit, initiated an investigation into the drug distribution activities of Avery Muldrow. On this date, through the use of a confidential informant, law enforcement conducted a controlled purchase of 10 bags of heroin (0.2 grams) from Muldrow at a location in Wilmington.  Subsequent controlled purchases of heroin from Muldrow were conducted in the same manner on the following dates: September 24, 2012 10 bags of heroin (0.2 grams); and October 19, 2012 100 bags of heroin (2 grams).  On October 23, 2012, the confidential informant contacted Muldrow regarding the purchase of a firearm and 150 bags of heroin (3 grams).  Muldrow directed the confidential informant to a residence in New Hanover County, North Carolina.  The confidential informant proceeded to the residence where he/she met Bilal Jenkins and purchased a stolen handgun. J.A. 46.

On January 15, 2013, law enforcement conducted a traffic stop of a vehicle operated by Muldrow in order to serve a federal warrant.  On January 15, 2013, Detective Michael Spencer and other officers were doing surveillance on 803 Brandy Court. Detective Michael Spencer had received information that this was Mr. Muldrow's residence.  As Mr. Muldrow was leaving the

3

residence, the vice narcotics and the Federal Bureau of
Investigators conducted a traffic stop of the vehicle operated
by Muldrow.  As investigators removed a passenger from the
vehicle, she/he advised that just prior to the traffic stop
Muldrow concealed bags of heroin in her/him jacket pocket and a
plastic bag of cocaine in his/her bra.  A search of the vehicle
and his/her passenger revealed 0.1 grams of heroin, 2 grams of
cocaine, six hundred thirty nine ($639) Dollars of United States
currency and a user amount of marijuana.  The heroin found on
the passenger had a red stamp, stamped Louis XIII.  J.A. 19-21,
46.

At the same time, the officers obtained a search warrant of the
residence of 803 Brandy Court and searched the bedrooms pursuant
to the search warrant.  A bedroom associated with the defendant
was searched as well.  The officers associated the bedroom as
Muldrow's because it had his street moniker, which is Ace, was
written all over the wall, also photos, several photos of the
defendant were hanging which included lots of group pictures.
Also a pair of men's pants with approximately 70 bags of the red
stamped Louis XIII heroin.  In the closet of the same bedroom, a
red and blue jacket with a large quantity of cocaine in the
pocket was found with the red stamp of Louis XIII.  A nine
millimeter bullet with a stamp of A-MERC was found in the

4

dresser of the bedroom. J.A. 19-22, 25.  Mr. Muldrow allegedly shares this residence with Aaron Jones, William Johnson and Dwight Moore.  A search of Johnson's and Jones' rooms uncovered an undisclosed amount of marijuana and drug paraphernalia.  J.A. 46.  The officers also searched Moore's room where they found underneath his mattress a TEC-9 submachine gun, AR-15 style rifle and a black revolver.  The TEC 9 and the ammunition in the TEC-9 matched the same bullet found in the dresser.  Mr. Moore is a quadriplegic and remained in a still position on the bed while being searched.  Also, in Moore's room they found heroin stamped with the red Louis XIII underneath Moore's blanket. Moore was known for selling drugs to undercover officers.  Moore stated that Muldrow had put the firearms underneath his bed. Moore identified Muldrow through a photograph.  J.A. 23-27.

**SUMMARY OF THE ARGUMENT**

The Appellant Avery Muldrow was sentenced in Raleigh, North Carolina before the Honorable Terrence W. Boyle, U.S. District Court Judge.  The District Court Judge erred in finding that there was a preponderance of evidence that the guns that were found in 803 Brandy Court belonged to Mr. Muldrow.  The District Court improperly applied the enhancement and thus increased Muldrow's total offense level for sentencing.  At the time of the sentencing the Court substantially departed upwardly without

5

prior notice to Muldrow through the Presentence Report or motion by Government.  The lengthy sentenced imposed was a twelve level increase to one hundred twenty months and supervisory release for a term of life.

I.  THE DISTRICT COURT ERRED IN ENHANCING MULDROW'S SENTENCE FOR POSSESSION OF A WEAPON UNDER § 2D1.1.

**STANDARD OF REVIEW**

This court reviews the district court's findings on sentencing factors for clear error.  United States v. Apple, 915 F.2d 899, 914-915 (4th Cir. 1990).  In reviewing the district court's application of the sentencing guidelines, this Court gives "due regard to the opportunity of the district court to judge the credibility of the witnesses." 18 U.S.C.A. § 3742(e) (West)

**DISCUSSION OF THE ISSUE**

In assessing whether the district court properly applied an enhancement, this court reviews the district court's legal conclusions de novo and its factual findings for clear error. United States v. Manigan, 592 F.3d 621, 628 (4th Cir. 2010). However, the question of whether the defendant possessed the weapon is a factual determination reviewed for clear error. Id. ; see also United States v. Holmes, 81 F. App'x 467, 469

6

(4th Cir. 2003). "The government must prove by a preponderance of the evidence that 'the weapon was possessed in connection with drug activity that was part of the same course of conduct or common scheme as the offense of conviction.'" Manigan, 592 F.3d at 628-29(quoting United States v. McAllister, 272 F.3d 228, 233-34 (4th Cir. 2001)).

U.S.S.G. § 2D1.1(b)(1) provides, "If a dangerous weapon (including a firearm) was possessed, increase by two levels." The commentary to this guideline states, "The enhancement for weapon possession reflects the increased danger of violence when drug traffickers possess weapons. The adjustment should be applied if the weapon was present, unless it is clearly improbable that the weapons was connected with the offense." U.S.S.G. § 2D1.1, note 11.

In the present case, the government failed to meet its burden of proof that Mr. Muldrow possessed the gun recovered under Mr. Moore's bed by a preponderance of the evidence. Accordingly, on appeal the court will review the district court's imposition of the enhancement for clear error. Clear error will only be found where this court is "left with the definite and firm conviction that a mistake has been committed," Id. at 631(quoting United States v. U.S. Gypsum Co., 333 U.S. 364, 368, 68 S. Ct. 525, 529, 92 L. Ed. 746

7

(1948), Maggio v. Zeitz, 333 U.S. 56, 64, 68 S. Ct. 401, 92 L. Ed. 476 (1948)), and where it has determined that the factual findings of the district court are not supported by substantial evidence – substantial evidence being "evidence that a reasonable finder of fact could accept as adequate and sufficient to support the finding under review." Id. at 629(quoting United States v. Whorley, 550 F.3d 326, 338 (4th Cir. 2008)). Under this standard of review, the appellate court gives appropriate deference to the district court. Manigan, 592 F.3d at 630.

There are several factors in determining whether there was a preponderance of the evidence to support the imposition of the enhancement. Id. at 629. The type of firearm recovered, the location or proximity of the firearm, and the connection between the firearm and the drug activities shall be examined. Id. . Here, the 9 mm handgun recovered from under Mr. Moore's bed is indeed the type of gun commonly involved in drug related offenses. Id. at 629. (Appendix at 23). The second part of the factors to consider are the location or proximity of the firearm.

Although the proximity of guns to illegal drugs may be enough to support the enhancement, see United States v. Harris, 128 F.3d 850, 852 (4th Cir. 1997), Appellant submits that the

8

government has not proved that some connection between the firearm and the offense exist. United States v. Hunter, 19 F.3d 895, 896 (4th Cir. 1994). In the present case, no reliable testimony as to the proximity of weapons to drug crimes existed. Based on testimony by Detective, there is no evidence that Mr. Muldrow was a residence of this home. Mr. Muldrow does not receive mail at the residence. The detective stated that there were a pair of men's pants and a red and blue jacket located in the closet which was searched. It was also concluded that 4 other men were present when he entered the location. In fact, detective stated that there were no labels with Mr. Muldrow's name sewn into them.

The detective also stated that "Ace" was written all over the wall but could not speak to other markings on the wall. The detective stated that there were several photos with the defendant hanging on the wall but they included other individuals in the picture. The only evidence that links Mr. Muldrow to the residence is that he visited the residence on January 15, 2013 for approximately 45 minutes and a confidential informant that stated that Mr. Muldrow was staying at the residence in question. No indication that Mr. Muldrow lived at the residence for a specific length of time. Appellant contends that from the testimony alone, there is no

indication that the dresser or the items in the dresser belong to Mr. Muldrow.

Also, the detective provided testimony that the heroin that was located in the dresser drawer could have possibly belonged to others in the house. Mr. Moore had heroin stamped with the red Louis XIII found under a blanket in his bed. Mr. Moore has been known to sell drugs to undercover officers. Again, detective stated that Mr. Aaron Jones and Mr. William Johnson stayed at the house as well.

The third factor "the connection between the firearm and the drug activities," must be examined. <u>Manigan</u>, 592 F.3d, 628. In <u>McAllister</u>, 272 F.3d 228, the court stated that without a description of circumstances under which the witness saw the defendant possess handguns in connection with illegal drug activity it is insufficient to apply the enhancement. The government has not provided an adequate description of circumstances where Mr. Muldrow had a handgun during an illegal drug transaction. The only witness, Mr. Moore, did not state that he had ever saw Mr. Muldrow with a handgun or any of the guns under his bed during a drug transaction. The conclusion of the district court was speculative and was not based upon any connections of the firearm and drug activity.

10

A firearm that is found to be readily accessible to a defendant where drug activities "turn sour" is likely to be found in possession. <u>Manigan</u>, 592 F.3d, 630. Moreover, the *Manigan* court found that "a sentencing court might reasonably infer, in the proper circumstances, that a handgun seized from the residence of a drug trafficker was possessed in connection with his drug activities." <u>Id.</u> at 630. If the Government satisfies its burden of proving possession of a weapon in connection with drug activities, the defendant is entitled to persuade the sentencing court that the weapon enhancement is inapplicable. He may do so by showing that it was "clearly improbable" that the weapon was connected with his drug activities. <u>United States v. Bothun</u>, 424 F.3d 582, 586 (7th Cir. 2005)

Mr. Muldrow was arrested after a traffic stop by vice narcotics and the FBI task force for a federal warrant. Mr. Muldrow's car was searched and the officers recovered marijuana, cocaine and heroin. No gun was recovered or in Mr. Muldrow's possession. From this evidence, it was "clearly improbable" that the weapon under Mr. Moore's bed was connected with drug transaction. From this testimony alone, the district court erred in finding that a weapons enhancement was appropriate. Sufficient reliable evidence of a connection

between the existence of firearms and drug transactions did not exist.

For these reasons, the sentence should be vacated, and the enhancement should not be given upon resentencing.

II. THE DISTRICT COURT ERRED IN FAILING TO PROVIDE REASONABLE NOTICE BEFORE IMPOSING AN ABOVE-GUIDELINES SENTENCE UNDER *BOOKER*

**STANDARD OF REVIEW**

The court reviews the overall sentence imposed for "reasonableness." Following <u>United States v. Booker</u>, 543 U.S. 220, 125 S. Ct. 738, 160 L. Ed. 2d 621 (2005), "we review sentences for reasonableness, guided by the sentencing factors found at 18 U.S.C.A. § 3553(a) (West). This standard permits review for reasonableness not only of the ultimate length of the sentence, but also of legal errors in the method for the sentence's selection." <u>United States v. Smith</u>, 133 F. App'x 731 (11th Cir. 2005). The Court has determined that a sentence within the statutory guidelines is presumptively reasonable. <u>United States v. Williams</u>, 436 F.3d 706, 708 (6th Cir. 2006), (U.S. July 11, 2006)(No. 06-5275).

**DISCUSSION OF THE ISSUE**

The district court erred in concluding that it had the authority to enter a sentence above the Guidelines range

without providing reasonable notice of the contemplated grounds for that action. Fed. R. Crim. P. 32 was amended to reflect the holding in <u>Burns v. United States</u>, 501 U.S. 129, 111 S. Ct. 2182, 115 L. Ed. 2d 123 (1991), requiring that notice be given prior to an upward departure from the guideline sentencing range. The language in Fed. R. Crim. P. 32(h), provides that:

> Before the court may depart from the applicable sentencing range on a ground not identified for departure either in the presentence report or in a party's prehearing submission, the court must give the parties reasonable notice that is contemplating such a departure. The notice must specify any ground on which the court is contemplating a departure.

As an initial matter, when fashioning a sentence, the district court is required to identify the applicable Guidelines range. <u>United States v. Moreland</u>, 437 F.3d 424, 434 (4th Cir. 2006); see also <u>Booker</u>, 543 U.S., 245(noting that a court is required to consider the Guidelines range but may then tailor the sentence in light of other statutory concerns, such as the 3553(a) factors).

Upon identifying the Guidelines range, the district court may depart from the range or impose a variance. In <u>Moreland</u>, 437 F.3d 424, the Fourth Circuit indicated that a departure is one where, after considering the Guidelines range, the district

13

court has determined that the range is not appropriate given the Guidelines Manual or relevant case law.  Moreland, 437 F.3d at 432.  After making this determination, the district court may change the Guidelines range.  If a departure is imposed, "[t]he district court must articulate the reasons for the sentence imposed, particularly explaining any departure or variance from the guideline range.  See 18 U.S.C.A. § 3553(c)." Id. (emphasis added).  The notice requirement is not applicable to a variance, only to a departure from the guidelines. Irizarry v. United States, 553 U.S. 708, 713, 128 S. Ct. 2198, 171 L. Ed. 2d 28 (2008).  The textual and contextual evidence of legislative intent indicates that Congress did not intend a district court to depart from the Guidelines *sua sponte* without first affording notice to the parties. The Government's contrary reading renders meaningless the parties' express right under Fed. R. Crim. P. 32(a)(1) to "comment upon [relevant] matters," since the right to comment upon a departure has little reality or worth unless one is informed that a decision is contemplated.  Burns, 501 U.S., 130

Because the imposition of a departure requires that the defendant be prepared to argue that his case falls "outside the heartland… of typical cases embodying the conduct that each guideline describes [,]" (internal quotation marks omitted),

14

notice is essential.  As stated in the concurring opinion,
United States v. Bellamy, 264 F.3d 448, 454 (4th Cir. 2001),
Bellamy did not learn of the court's intention to depart under a
particular section of the guidelines until sentencing. Id. At
457 (Michael, J., concurring).

Notice is essential because it allows the defendant a full and
fair opportunity to challenge a proposed departure. Burns, 501
U.S., 136.  For notice to be effective, it must allow the
opportunity "for focused, adversarial development of the factual
and legal issues relevant to determining the appropriate
Guidelines sentence." Id. at 134.  In Bellamy, 264 F.3d 448,
neither the PSR nor the government recommended a departure.
Therefore, the district court completely failed to provide
notice it intended to depart.  Id. at 457(Michael, J.,
concurring).

The need for such notice is as clear now as before *Booker*.
United States v. Davenport, 445 F.3d 366, 371 (4th Cir. 2006)
abrogated by Irizarry v. United States, 553 U.S. 708, 128 S. Ct.
2198, 171 L. Ed. 2d 28 (2008).  There is "essentially no limit
on the number of potential factors that may warrant a departure"
or a variance, and neither the defendant nor the Government "is
in a position to guess when or on what grounds a district court
might depart" or vary from the guidelines. Burns, 501 U.S. at

15

136-37. Therefore, notice of an intent to depart or vary from the guidelines remains a critical part of sentencing post-*Booker*. <u>United States v. Hawk Wing</u>, 433 F.3d 622, 626-27 (8th Cir. 2006) <u>abrogated by</u> <u>Tapia v. United States</u>, 131 S. Ct. 2382, 180 L. Ed. 2d 357 (U.S. 2011).

In addition, any term of supervised release sentence above the top of the guideline range constitutes a upward departure requiring notice to defendant and must state on the record the aggravating circumstances that adequately justifies the departure. <u>United States v. Matos</u>, 328 F.3d 34 (1st Cir. 2003).

In the present case, the district court departed from level 14, category IV, which is a guideline range of 27 to 33 months to a level 28, category IV, which is a guideline range of 110 to 137 months, and sentence Mr. Muldrow to 120 months and put him on supervisory release for a term of life. The district court itself provided no prior notice of its intent to impose a substantial upward departure against Mr. Muldrow. Moreover, the district court failed to identify in advance of the hearing a specific ground upon which it would later rely to support a sentence at the twelve level increase or supervisory release for a term of life. Mr. Muldrow had no notice of the facts upon which the district court would base the departure. There is no recommendation of a departure in the presentence report and the

government did not move for a departure prior to sentencing.
Mr. Muldrow did not learn of the court's intention to depart
under a particular section of the Guidelines until sentencing.
In particular, Mr. Muldrow had no opportunity to prepare to
argue a discrete defense that he was threatening the safety and
welfare of the community.  Mr. Muldrow was not prepared for a
defense that he participated in repeat trafficking,
participation in drug activity for six years or the amount of
heroin involved under-represented the guidelines.  Mr. Muldrow
was not provided with notice of the facts that would be used by
the district court as a basis for departure.

Mr. Muldrow in fact brought to the district court's attention
that he should not upward depart his sentence because he
accepted the responsibility of the drug transactions that was a
part of his presentence report.  Mr. Muldrow wrote a letter
specifically accepting his responsibility of the participation
in drug activity that he was indicted for.  Mr. Muldrow also
objected to the upward departure because Mr. Muldrow has a
projected personal plan to move forward which would not threaten
the safety and welfare of his community.  Mr. Muldrow contended
in his statement that he was leaving the court with a plan not
to go out and commit the same crimes.  Also, Mr. Muldrow also
asked that the court not upward depart because the criminal
history does not provide evidence of six years of participation

17

in drug activity. Based on his criminal record, Mr. Muldrow was convicted of one prior offense of illegal drug activity.

Mr. Muldrow was not alerted to prepare counter arguments. Had Mr. Muldrow been provided reasonable notice of the upward departure, Mr. Muldrow would have provided more evidence to refute the assertion that Mr. Muldrow had been a part of the heroin epidemic in to Wilmington, North Carolina. Also, Mr. Muldrow would have provided more evidence of his trafficking in heroin to show that his criminal record was an accurate depiction or that the amount of heroin was not under-represented. None of these factors had been raised in his presentence report or by government prior to assist Mr. Muldrow in preparing for sentencing or an upward departure. Also, Mr. Muldrow's sentence is a major departure so it should be supported by a more significant justification than a minor one. Gall v. United States, 552 U.S. 38, 50, 128 S. Ct. 586, 169 L. Ed. 2d 445 (2007). Section 3553(a)(2) of the United States Code at Title 18 provides that a sentence provided to a Appellant by the Court must be "sufficient, but not greater than necessary" to punish such Appellant for the crimes broken. 18 U.S.C.A. § 3553(a)(2); Harris, 128 F.3d 850, No. 06-2892 (8th Cir. 2007). A sentence may be unreasonable for procedural or substantive reasons. "A district court abuses its discretion when it renders a judgment that is arbitrary, capricious,

whimsical, or manifestly unreasonable." United States v. Munoz-Nava, 524 F.3d 1137, 1146 (10th Cir. 2008)(internal quotations omitted). Reasonableness review is comprised of a procedural component and a substantive component. United States v. Smart, 518 F.3d 800, 803 (10th Cir. 2008). Procedural reasonableness addresses whether the district court incorrectly calculated or failed to calculate the Guidelines sentence, treated the Guidelines as mandatory, failed to consider the 18 U.S.C.A. § 3553(a) factors, relied on clearly erroneous facts, or failed to adequately explain the sentence. Gall, 128 S. Ct. at 597. Relevant here, substantive reasonableness addresses "whether the length of the sentence is reasonable given all the circumstances of the case in light of the factors set forth in 18 U.S.C.A. § 3553(a)." United States v. Verdin-Garcia, 516 F.3d 884, 895 (10th Cir. 2008)(internal quotations omitted). The farther the judge's sentence departs from the sentencing guidelines sentence, the more compelling the justification based on the statutory sentencing factors that the judge must offer in order to enable the court of appeals to assess the reasonableness of the sentence imposed. United States v. Smith, 445 F.3d 1 (1st Cir. 2006).

Mr. Muldrow maintains that not only did the court erroneously calculate his sentence in light of the factors in 18 U.S.C.A. § 3553(a), such as improperly calculating the guideline range, but

the sentence was substantively in error. In the present case, the length of the sentence determined by the Court was unreasonably long. The court departed upwardly to a level 28 which in this case was a twelve level increase. The court also placed Mr. Muldrow on a supervised term of release for life. The court indicated that it was departing upwards from the Guidelines for the following reasons: Social and civil concerns involving the safety and health and welfare of the community; Muldrow is a repeat trafficker in heroin – been doing it for six years; the amount of heroin is under-represented by the Guidelines; the punishment level is underrepresented; and 10 years is appropriate and just in terms of proportionality to the danger to the community. *See* TR at 23. The factors provided prove that the Court did not adequately explain the reasons for departure nor give a more significant justification.

Based on the foregoing, the district court violated Mr. Muldrow's due process rights by not providing the reasonable notice required before imposing a substantial upward departure sentence against Mr. Muldrow. For these reasons, his sentencing hearing was flawed and the sentence should be vacated and the cause remanded for re-sentencing.

**CONCLUSION**

The Appellant hereby respectfully requests that this Court vacate the two level gun enhancement and the sentenced imposed because it is "unreasonable" and the cause remanded to the District Court for re-sentencing.

December 23, 2013

                              Respecfully submitted,

                              /s/*Renorda Pryor*
                              Renorda Pryor
                              Attorney & Counselor at Law
                              16 W. Martin St. Suite 601
                              Raleigh, NC 27601
                              renordapryor@herringlawcenter.net

**CERTIFICATE OF COMPLIANCE WITH RULE 32(a)**

Certificate of Compliance with Type-Volume Limitation,
Typeface Requirements and Type Style Requirements

1. This brief complies with the Type-volume limitation of Fed.
   R. App. 32(a)(7)(B) because:

      The page count of this brief <u>is 21 pages</u>.

2. This brief complies with the typeface requirements of Fed.
   R. App. P. 32(a)(5) and the type style requirements of Fed.
   R. App. P. 32(a)(6) because:

      This brief has been prepared in a proportionally
spaced typeface using

      Microsoft Word, <u>Courier New , 12 point</u>.

December 23, 2013

                    <u>/s/*Renorda Pryor*</u>
                    Renorda Pryor
                    Counsel for Appellant

**CERTIFICATE OF SERVICE**

In accordance with Rule 25 of the Rules of the United States Court of Appeals for the Fourth Circuit, I hereby certify that I have this December 23, 2013, filed the required copies of the foregoing Brief of Appellant in the Office of the Clerk of the Court, via hand delivery and have electronically filed the Brief of Appellant using the Court's CM/ECF system which will send notification of such filing to the following counsel:

Jennifer P. May-Parker
OFFICE OF THE UNITED STATES ATTORNEY
Federal Building, Suite 800
Raleigh North Carolina 27601
Jennifer.may-parker@usdoj.gov

/s/ *Renorda Pryor*
Renorda Pryor